# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NOEMI VAZQUEZ AMBROSIO,   )
  )
Plaintiff,   )
  )
v.   )
  )   C.A. No. N15C-06-100 CLS
WILLIAM DRUMMOND,   )
DELAWARE DEPARTMENT OF   )
SAFETY AND HOMELAND   )
SECURITY, DELAWARE STATE   )
POLICE TROOP 6,   )
  )
Defendants.   )

Date Submitted: May 10, 2017
Date Decided: June 12, 2017

On Plaintiff's Motion for Costs
**GRANTED**.

## <u>ORDER</u>

1. This personal injury action was tried before a jury on April 24, 25, and 26 2017.

2. Plaintiff filed a Motion for Costs pursuant to Superior Court Rule 54, 10 *Del. C.* §§ 5101 and 8906 on May 3, 2017. Plaintiff seeks costs associated with litigation, totaling $4,016.25.

3. Defendants filed their Opposition on May 10, 2017. The core of Defendants' Motion is that the Plaintiff's $3,000.00 expert fee for Dr. Bruce Grossinger's live testimony is unsubstantiated and unreasonable pursuant to Delaware law.

4. It is up to the Court to determine whether to award costs under 10 *Del. C.* § 5101 and Superior Court Rule 54(d).[1] Additionally, expert witness fees are "fixed by the Court in its discretion."[2]

5. Under Delaware law, "reimbursement for expert testimony encompasses deposition testimony which is introduced into evidence as well as trial testimony."[3] Similarly, "[a]n expert may also be compensated for 'reasonable and ordinary' traveling expenses, but he should not be compensated for such at his hourly testifying rate. An expert should not be compensated for 'time spent listening to other witnesses for "orientation," or in consulting or advising a party during a trial'."[4]

6. This Court will not grant an "award of costs, however, if the request for a certain fee is not substantiated by the prevailing party."[5] In scenarios, like

---

[1] *Russo v. Medlab Clinical Testing, Inc.*, 2001 WL 34082277, at *3 (Del. Super. Nov. 14, 2001)(citing *Welsh v. Delaware Clinical and Laboratory Physicians,* 2001 WL 392400 (Del. Super. Mar. 19, 2001)).

[2] 10 *Del. C.* § 8906.

[3] *Russo*, 2001 WL 34082277, at *4.

[4] *Id.* (internal citations omitted).

[5] *Id.*

this case, "a plaintiff must supply the Court with an hourly rate in order to receive costs."[6]

7. Although the Court agrees that costs are appropriate in this matter, the Court agrees with Defendants that Plaintiff has not submitted an invoice that sufficiently supports the expert fees sought. The invoice submitted as Exhibit C to Plaintiff's Motion does not itemize hourly rates for travel versus trial, or breakdown the amount of time spent for testimony versus travel. Rather, the invoice states that Dr. Grossinger is owed $3,000.00 for his live testimony.

8. "When determining reasonable reimbursement for expert costs, the court must 'recognize that a significant disruption to a physician's practice occurs when a physician is called to testify as an expert witness and that such testimony is important to the court since it assists the trier of fact and serves a significant public interests'."[7]

9. The trial court does not have a "fixed formula" to determine reasonable expert fees.[8] In 2002, this Court has determined that $1,800 was appropriate

---

[6] *Id. See also Bangs v. Follin*, 2017WL 829663, at *1 (Del. Super. Mar. 1, 2017)("The burden is on the prevailing party to justify and substantiate the award of costs by both hourly rates (testimony versus travel) and specification as to the amount of time spent.").

[7] *Dean-Seeney v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 3380119, at *2 (Del. Super. Apr. 19, 2007)(citing *Silwinski v. Duncan*, 1992 WL 21132, at *3 (Del. Jan. 15, 1992)).

[8] *Id.* (citing *Silwinski*, 1992 WL 21132, at *2).

for an hour and a half of testimony plus a half-day of travel time.[9] Similarly, in 2003, the Court found that $2,000.00 was appropriate for three hours of testimony and two hours of travel."[10] In Delaware, "[w]hen a physician testifie[s] as an expert, for three hours or less, a minimum witness fee should be allowed . . . based upon a flat amount for one-half day interruption in the physician schedule."[11]

10. "When determining reasonable fees to award medical experts, the court often defers to the Medico-Legal Affairs Committee of the Medical Society of Delaware."[12] This Court in 2014 held that based on the Committee's recommendation in 2002, adjusted for inflation, that $2,208.00 to $2,808.00 was a reasonable fee for Dr. Grossinger on a half-day rate.[13]

11. In 2016, this Court determined that "based upon the growth rate, the appropriate medical expert fee ranges are: $2,752.10-$3,810.60 for half day court appearances."[14]

12. Here, the Court finds that $3,000.00 is excessive, and the invoice does not indicate Dr. Grossinger's hourly rate. Dr. Grossinger testified on April 24,

---

[9] *Dean-Seeney*, 2007 WL 3380119, at *3 (citing *Dunkle v. Prettyman,* 2002 WL 833375, at *4 (Del. Super. May 1, 2002)).

[10] *Id.* (citing *Patterson v. Coffin*, 2003 WL 22853657, at *6 (Del. Super. Oct. 31, 2003)).

[11] *Kaczmarczyk v. Liberty Mutual Fire Insu. Co.*, 2014 WL 1316192, at *1 (Del. Super. Feb. 12, 2014)(citing *Sliwinski,* 1992 WL 21132 at *3).

[12] *Kaczmarczyk*, 2014 WL 1316192, at *1 (citing *Enrique v. State Farm Mut. Auto. Ins. Co.,* 2010 WL 2636845, at *1 (Del. Super. June 30, 2010)).

[13] *See Kaczmarczyk*, 2014 WL 1316192, at *1.

[14] *See Smith v. Paul J. Renzi Masonry*, 2016 WL 1591030 (Del. Super. Mar. 24, 2016).

2017 from 10:55 A.M. to 11:38 A.M.  It is unreasonable for a party to bear a cost of $3,000.00 for forty-three minutes of testimony and travel time. Based on the above discussion, the Court finds that $2,000.00 is a reasonable fee for Dr. Grossinger's time spent in this litigation.

13. Therefore, Plaintiff may recover $841.25 in filing fees, $175.00 for mediation, and $2,000.00 for expert fees, totaling $3,016.25.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**